# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| McCALL WEDDINGS, LLC, an Idaho Limited Liability Company; and DELISH CATERING, LLC, an Idaho Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> McCALL WEDDING AND EVENT DIRECTORY, LLC dba MCWED, an Idaho Limited Liability Company; SOIREE, LLC, an Idaho Limited Liability Company; SHERRY SCHELINE, an Individual; and JOHN DOES I-X, <br><br> Defendants. | Case No.: 1:14-cv-00315-REB <br><br> **MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED BRIEFING REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> **(Docket No. 28)** |
| SOIREE, LLC, an Idaho limited liability company, <br><br> Counterclaimant, <br><br> v. <br><br> McCALL WEDDINGS, LLC, an Idaho Limited Liability Company; and DELISH CATERING, LLC, an Idaho Limited Liability Company <br><br> Counterdefendants. | |

Currently pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and for Expedited Briefing Regarding Plaintiff's Motion for Preliminary Injunctions (Docket No. 28). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

## ANALYSIS AND HOLDING

Plaintiff McCall Weddings LLC ("McCall Weddings") provides wedding planning and event planning services and, through this action, contends that Defendant McCall Wedding and Event Directory, LLC and its principal Sherry Scheline (collectively "Scheline") are also providing wedding planning services in competition with McCall Weddings and, among other things, have infringed upon its servicemark/trademark. McCall Weddings seeks to enjoin Scheline from distributing an advertising magazine produced by Scheline, believed to contain allegedly infringing marks, at a wedding industry consumer trade show, scheduled to take place in Boise, Idaho on January 10-11, 2015.

Temporary restraining orders ("TRO") are designed to preserve the status quo pending the ultimate outcome of litigation. Considered under the same legal standards as requests for preliminary injunctions, they are an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain a TRO, the plaintiff must show by clear and convincing evidence: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to it in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20-23. Significantly, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). However, under this approach, "serious questions going to the merits" requires more than showing that "success is more likely

**MEMORANDUM DECISION AND ORDER - 2**

than not;" it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).

Further, "under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies*, 632 F.3d at 1131 (emphasis in original). Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction. *See* 11A Wright & Miller, Fed. Prac. & Proc. § 2948. Where a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

Here, for McCall Weddings to prevail on its Lanham Act-related claim against Scheline, McCall Weddings must prove (1) that it has a protectable interest in its mark; and (2) that Scheline's alleged infringement of that mark is likely to cause consumer confusion. The evidence currently in the record can be viewed as supporting Plaintiff's claim that it has a protectable mark and that Scheline's conduct in promoting its own business by means which include the use of similar marks could create consumer confusion. However, it is not necessary to decide as an ultimate matter at this time whether there is clear evidence that there is a protected mark or marks and that there has been confusion created by competing marks, to the level of a likelihood that McCall Weddings will prevail upon that particular claim. Rather, the motion can be decided upon the inadequate showing of certain other required elements.

Specifically, the Court is not persuaded that clear and convincing evidence exists that McCall Weddings will be irreparably harmed in the event of the magazine's dissemination. Although important to the wedding industry, the upcoming Boise trade show will be attended by

**MEMORANDUM DECISION AND ORDER - 3**

a finite number of individuals. Even if Scheline were to have a physical booth or other commercial presence at the trade show, McCall Weddings also will occupy a commercial space. If there is a parting of the McCall Wedding seas, caused by confusion tied to the alleged infringing marks contained in the Scheline advertising magazine, the nature and direction of those who may go elsewhere, who otherwise might have gone to McCall Weddings, can be reasonably identified through discovery, and the economic injury caused by such loss of potential business can be calculated. The Court is mindful that such an exercise will never be a precise mirror of what might have occurred were the Court to order that the magazine not be distributed. However, the differences are not so great as to persuade the Court, in the exercise of its discretion upon the facts now before it, that McCall Weddings stands to suffer irreparable injury. Further, Ms. Scheline has represented to her magazine advertisers, and her counsel has represented to this Court, that she keeps records of those people who contact her business, and that she provides such people with references. As such, it seems apparent that in subsequent discovery, she would be expected to provide details about the persons who came through the actual or cyberspace doors of her business enterprise seeking assistance or referrals, which, in turn, would provide one beginning point for McCall Weddings to quantify any related business losses should it ultimately prevail on its claims. What is left is only the possibility that some harm may be missed, or otherwise not fully accounted for, and that possibility is not enough to support a temporary restraining order. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); *see also Carribean Marine Service*

**MEMORANDUM DECISION AND ORDER - 4**

*Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."). In sum, then, even if damages are certain to occur upon McCall Weddings as a result of infringing marks put into circulation by the distribution of Scheline's magazine at the trade show, they are not so unquantifiable as to render them incapable of compensation. As a result, the Court is not persuaded by clear proof that McCall Weddings is likely to suffer irreparable harm in the absence of the requested injunction.

Moreover, while the Court has focused upon the obvious fact that, in the act of filing this lawsuit over the alleged mark infringements, McCall Weddings is seeking to protect its own business share and to grow it as well. It is also true that Scheline is attempting to grow its own business, and a court order preventing Scheline from distributing the magazine that is has worked many months to "sell" and create would inevitably harm those efforts. In other words, the involved equities do not tip sharply in either party's favor – rather, it is a "wash" of sorts, and also does not support the entry of a temporary restraining order.

Finally, the harm that might flow from an order prohibiting distribution of the magazine potentially extends beyond Scheline. Shutting down the magazine's publication would impact other business entities who bought space in the magazine who presumably understood that the magazine would be available for distribution at the Boise trade show, but who are now unwittingly caught up in the dispute between McCall Weddings and Scheline. And, any harm which might occur to either McCall Weddings or to Scheline (depending upon whether a TRO

**MEMORANDUM DECISION AND ORDER - 5**

issues or not) is limited to them and, potentially, a relatively small portion of the local populace – *i.e.*, the brides-to-be. But even these brides are arguably not harmed – it is not as if those individuals will not have *someone* to plan their weddings, even if it is not McCall Weddings.

Considering these factors, recognizing that the grant or denial of the extraordinary remedy of a temporary restraining order is a matter of the Court's discretion, and for the reasons described above, the undersigned denies the Motion for Temporary Restraining Order.

## ORDER

Based on the foregoing, IT IS THEREFORE HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order and for Expedited Briefing Regarding Plaintiff's Motion for Preliminary Injunctions (Docket No. 28) is DENIED.

DATED: **January 9, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge